[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (NO. 102)
The defendant has filed this motion to strike the plaintiff's complaint on the ground that it fails to state a claim upon which relief can be granted.
The issue presented here appears to be one of first impression to the State of Connecticut. To understand the issue, certain background information is needed.
On April 9th, 1990, the plaintiff and defendant "executed" (defendant's word as used in his memorandum of law) "entered" (plaintiff's use of word in its memorandum of law) a document titled "Exclusive Right to Sell Agreement." The exclusive period was from April 9th, 1990, to July 9th, 1990, and it provided that if a sale was consummated during a three month period after July 9th, 1990, the plaintiff would still receive its commission. A sale was consummated within the three month period, and the defendant has requested a commission, but the plaintiff has refused to pay. The plaintiff brought this lawsuit to collect its commission.
There is no dispute that the listing agreement contains the typed words "Merrill Lynch Realty by Nancy Wolfson." The sole basis for the argument of granting the motion to strike is that the plaintiff did not sign the listing agreement and thus failed to satisfy the requirements of CT Page 9129 Connecticut General Statutes 20-325a (b).
Section 20-325a (b) states in pertinent part as follows:
 No person licensed under the provision of this chapter shall commence or bring an action in respect of any acts done or services rendered after October 1, 1971, as set forth in subsection (a), unless such acts or services were rendered pursuant to a contract or authorization from the person for whom such acts were done or services rendered. To satisfy the requirements of this subsection any such contract or authorization shall (1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization and (5) be signed by the owner or an agent authorized to act on behalf of the owner only by a written document executed in the manner provided for conveyances in section 47-5, and by the real estate broker or his authorized agent.
"Whether a particular listing agreement complies with20-325a(b) is a question of law." New England Land Co. Ltd. v. DeMarkey, 213 Conn. 612, 623.
The court finds that the typewritten words "Merrill Lynch Realty by Nancy Wolfson" is not a signature as required by the statute and, therefore, finds that the statute has not been complied with.
Motion is granted.
W. JOSEPH McGRATH, JUDGE.